UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DUAN JONES,

               Petitioner,                            22-cv-01730 (NSR) (PED)

    -against-                                   ORDER AND OPINION ADOPTING
                                                       REPORT AND RECOMMENDATION

DAVID HOWARD, Superintendent
New York State Department of Corrections,

               Respondent.
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Duan Jones ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 following his conviction for criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(3)) in New York state court. Presently pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Paul E. Davison ("MJ Davison"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. Petitioner has filed an objection to the R & R. For the following reasons, the Court adopts the R & R, and the petition is DISMISSED.

## BACKGROUND

      The following facts are obtained from the parties' submissions, court opinions and are not otherwise disputed.

      In April 2017, Petitioner sold heroin to a confidential informant on three separate occasions in Middletown, New York. On each occasion, Petitioner was observed leaving a particular location. On May 16, 2017, the Middletown police submitted an affidavit seeking a

search warrant for the apartment Petitioner had been observed leaving in connection with the narcotics sales. Although a court issued a warrant on the same day, the police did not execute the warrant. On May 25, 2017, the police submitted a second, nearly identical affidavit in support of a second warrant to search the same apartment. The court issued the second warrant, and, on June 3, 2017, the police executed the warrant and recovered heroin, three loaded handguns, ammunition, and cash from the premises purportedly controlled by Petitioner. The Petitioner was arrested soon after the execution of the warrant.

During the court proceedings, Petitioner's counsel was provided with a redacted copy of the May 16 search warrant affidavit and a copy of the May 25 search warrant. Petitioner's counsel sought to suppress the evidence obtained following the execution of the search warrant on the basis that the supporting affidavit lacked probable cause. The state court, however, denied Petitioner's motion to suppress.

Petitioner entered a plea of guilty to one count of criminal possession of a weapon in the second degree. During his plea allocution, Petitioner informed the court that he was making a knowing and voluntary decision to plead guilty. Petitioner was sentenced to a term of eight years' imprisonment to be followed by five years of post-release supervision.

Petitioner, represented by counsel, appealed his conviction to the state's intermediate appellate court on three grounds: (1) that the search warrant was overbroad, which rendered the search illegal; (2) that his waiver of his right to appeal was invalid; and (3) that his sentence was excessive. The appellate court denied Petitioner's appeal on the basis that the Petitioner knowingly, voluntarily, and intelligently waived his right to appeal. Thus, precluding appellate

review of his challenge to the hearing court's suppression determination as well as his contention that his sentence was excessive. *See People v. Jones*, 186 A.D.3d 856, 127 N.Y.S.3d 325 (2020).

In March 2021, Petitioner moved before the state court pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate his judgment of conviction on four bases: (1) that the search warrant was invalid because it lacked probable cause and the police failed to execute it within the statutory time limit; (2) that he was denied due process and a fair trial because the prosecution failed to disclose *Brady* material; (3) that he received ineffective assistance of trial counsel; and (4) that his plea was involuntarily procured.[1] The state court denied Petitioner's motion in its entirety. The court noted that the Petitioner raised similar contentions on appeal or contentions that could have been raised on appeal but were not. Notably, the court determined that Petitioner received meaningful representation and his plea was entered "knowingly, voluntarily, and intelligently." Petitioner sought, but was denied, leave to appeal to the state's intermediate appellate court. (Dkt. No. 8-6 at 84.)

## STANDARDS OF REVIEW

**Habeas Petition**

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light

---

[1] In *Brady v. Maryland*, 373 U.S. 83 (1963) the Supreme Court held that the prosecution is required to fully disclose to the accused all exculpatory evidence in their possession.

of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

**Report and Recommendation**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id*. Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(2), 72(b)(3). However, "'[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citation omitted); *see also* Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment ("[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Additionally, to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04 CIV.5066 HB FM, 2008

4

WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03 CIV 1446 LTS HBP, 2007 WL 152136 (S.D.N.Y. Jan. 18, 2007), aff'd, 308 F. App'x 560 (2d Cir. 2009) (citation omitted).

## DISCUSSION

Here, the R & R was issued on April 7, 2023, and a copy was mailed to Petitioner on the same day. The deadline for filing objections was April 26, 2023. Petitioner sought leave from the Court to file his objection by May 31, 2023, which the Court granted. Petitioner timely filed his objections on May 30, 2023. The Court, however, finds that Petitioner's arguments are reiterations of prior arguments. Accordingly, the Court reviews the R & R for clear error.

Upon a thorough review of the record and MJ Davison's well-reasoned R & R, the Court finds that the conclusion(s) reached are grounded in fact and law. The Court finds no clear error and the petition is deemed dismissed.

Petitioner raises four objections to the R & R: (1) that the search warrant was issued on less than probable cause; (2) that the government failed to disclose *Brady* material; (3) that his counsel provided ineffective assistance; and (4) that his guilty plea was involuntarily obtained. These contentions were previously raised in his brief before the magistrate judge.

MJ Davison determined Petitioner's contention concerning the sufficiency of the affidavit in support of the search warrant was foreclosed by the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465 (1976). The *Stone* Court held where a habeas petitioner has had "an opportunity for full and fair litigation" of his Fourth Amendment claim in state court, "the

5

Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 482. As MJ Davison ruled, the Second Circuit has interpreted *Stone* to hold that review of a Fourth Amendment claim in a habeas petition would be undertaken in only one of two instances: "(a) if the state has provided no corrective procedures at all to redress the allege fourth amendment violation; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). "[C]ourts in this circuit have expressly approved New York's procedure for litigating Fourth Amendment claims as being facially adequate." *Griffin v. N.Y. Dep't Corr.*, 2007 WL 1296203, at *1 (S.D.N.Y. May 2, 2007) (citing *Capellan*, 975 F.2d at 70 n.l) (citation omitted). MJ Davison correctly determined that the Petitioner did not challenge the adequacy of the state's corrective procedure or allege an unconscionable breakdown in the underlying process. Thus, Petitioner's claim concerning the adequacy of the affidavit is not reviewable.

Petitioner contends that the Government failed to disclose *Brady* material. More specifically, he argues that the Government's failure to produce the May 16 search warrant and the May 25 affidavit submitted in support of the second search warrant violated *Brady*. This issue was previously addressed by the state trial court when it resolved Petitioner's N.Y. Crim. Pro. Law § 440 motion. A federal court generally must abstain from reviewing a state court decision when it "rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. 255, 261 (1989). As delineated in MJ Davison's R & R, the state court relied on an independent procedural bar under state law to dismiss Petitioner's alleged *Brady* claim. "New York state

6

courts regularly invoke section N.Y. Crim. Pro. Law § 440.10(3)(a) in holding that claims are procedurally barred because they were not raised at or before trial." *Ciochenda v. Artzis*, 2008 WL 3823865, at *10 (S.D.N.Y. Aug. 15, 2008) (collecting cases). Accordingly, the procedural default relied upon by the state court in denying Petitioner's alleged *Brady* violation bars this Court from reviewing his claim.

Petitioner asserts that his plea was involuntary. Petitioner specifically alleges that his counsel never explained the consequences of his guilty plea or his right to a jury trial. Petitioner further alleges that his counsel pressured him to take the plea. As more detailed in the R & R, Petitioner raised this argument in his N.Y. Crim Proc. L. § 440.10 motion, and the state court denied his motion. The court determined that the record demonstrates that the Petitioner's plea was entered knowingly, voluntarily, and intelligently. (Dkt. No. 8-4 at 85 (citations omitted)). It is well settled that "[a] plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley*, 523 U.S. at 618 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Generally, "a plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir.1988) (citing *Brady*, 397 U.S. at 750). Sworn statements made during a plea allocution are given significant weight and are typically deemed truthful. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As found by MJ Davison, Petitioner's contentions are unsupported by the record.

7

Petitioner argues that he received ineffective assistance of counsel. Petitioner specifically claims that his attorney failed to investigate the discrepancy between the dates on the search warrant and the search warrant affidavit and failed to obtain the missing documents. Petitioner previously raised this claim in his N.Y. Crim. Pro. Law § 440 motion. The state court reviewed the totality of counsel's representation and determined that Petitioner's counsel provided "meaningful representation." The court noted that the Petitioner accepted a favorable plea agreement which provided for a sentence that was far less than the statutory maximum. Petitioner sought to appeal the state court's determination, but the Appellate Division denied leave to appeal. As MJ Davison held, Petitioner's contention is legally incognizable. When a defendant knowingly and voluntarily pleads guilty, and does so unconditionally, waiving all non-jurisdictional defects in prior proceedings, he may only attack the voluntary and intelligent character of his plea. *United States v. Coffin*, 76 F.3d 494 (2d Cir. 1996). As correctly determined by MJ Davison, an "unconditional guilty plea waive[s] all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea." *Vasquez v. Parrott*, 397 F.Supp.2d 452, 463 (S.D.N.Y. 2005).

## CONCLUSION

For the reasons stated, the Court adopts MJ Davison's R & R in its entirety, and deems the claims asserted as meritless. The petition for a writ of habeas corpus is therefore DISMISSED. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated*

8

*on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is kindly directed to mail *pro se* Petitioner a copy of this Opinion and to file proof of service on the docket.

Dated: October 23, 2024                                    SO ORDERED:
        White Plains, New York

                                                                    NELSON S. ROMÁN
                                                                 United States District Judge